IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROSS,<br><br>       Plaintiff<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>       Defendant | Civil Action No.  2:24-cv-99 |

**CIVIL ACTION COMPLAINT**

**I.    INTRODUCTION**

1.    Plaintiff David Ross ("Ross"), a resident of Aliquippa, Beaver County, Pennsylvania brings this action challenging improperly withheld/redacted documents he requested from the Federal Bureau of Investigation ("FBI"). Through this action, Ross seeks injunctive and other appropriate relief requiring the FBI to respond appropriately to his April 2022 Freedom of Information Act ("FOIA") request for copies of his own FBI records and to promptly disclose the requested records to him.

**II.    PARTIES**

2.    Plaintiff David Ross is an adult individual who is a resident of Aliquippa, Pennsylvania.

3.    Defendant Federal Bureau of Investigation is a component of the United States Department of Justice and is considered an authority of the U.S. government subject to the disclosure requirements of the FOIA. The FBI's central offices are located at 935 Pennsylvania

Avenue, NW. Washington, D.C. 20535.  The FBI also maintains an office in Pittsburgh, Pennsylvania.  The FBI's local address is 3311 E Carson St, Pittsburgh, PA 15203.

### III.     JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over this case and personal jurisdiction over the parties pursuant to 5 U.S.C. §§552(a)(4)(B) and 552(a)(6)(E)(iii).  The court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(a).

5.      Venue in the Western District of Pennsylvania is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Ross is a resident of the District and his principal place of business is located within the District.  Furthermore, Ross believes that at least a substantial portion of the withheld records relate to events that occurred in the District.

6.      Venue in the Western District of Pennsylvania is also premised on 28 U.S.C. § 1391(e).

### IV.     FACTS

7.      Ross believed that the FBI possessed and/or maintained a number of records pertaining to him.

8.      Ross desired to see what information the FBI had about him.  He submitted an FOIA request to the FBI on or about April 25, 2022.

9.       Ross' FOIA request identified his official FBI record as the documents sought through his FOIA request.  The request stated that the requested documentation was requested for legal purposes (A copy of Ross' FOIA request is attached as "Exhibit 1").

10. The FBI took one year to process Ross' FOIA request for his official FBI record. By letter dated April 19, 2023, the FBI informed Ross that it had reviewed 38-pages of records in connection with his request.

11. Only 8 of the 38-pages reviewed in connection with the FOIA request were produced by the FBI.

12. The 8-pages produced by the FBI were so heavily redacted as to be useless. Although 5 of the 8 produced pages contain information boxes in which "Details" are to be recorded, not a single detail was contained in the documents produced by the FBI (A copy of the FBI's April 19, 2023 FOIA response is attached as "Exhibit 2").

13. Although the FBI's FOIA response of April 19, 2023 identifies specific statutory exclusions for withholding information from the 8-pages produced, as well as the pages not produced, the response contains no description of the type of information withheld or explanation as to what document contents fell within the cited exemptions.

14. Without a log describing the type of information and contents of full pages withheld, Ross can only conclude that the FBI improperly invoked the cited FOIA exemptions.

15. Ross has exhausted his administrative remedies relative to his efforts to obtain government records concerning himself.

16. Ross filed an administrative appeal challenging the FBI's response to his FOIA request. This appeal was received on April 29, 2023 and docketed at A-2023-01254 by the Office Of Information Policy of the U.S. Department of Justice (A copy of the appeal docketing letter dated May 15, 2023 is attached as "Exhibit 3").

17. In his appeal, Ross wrote: "Thirty of those [38] pages were completely omitted. The remaining eight pages were so completely redacted that I cannot determine whether or not I was being investigated or the victim of a Violent Crime."

18. A June 1, 2023 letter submitted by Ross' lawyer in support of his administrative appeal states in relevant part:

> When one considers that Mr. Ross requested his own records, the cited bases for redaction appear to be designed to frustrate his rights under the FOIA. By way of example, exemption (b)(7)(c) is frequently cited. Yet, no invasion of privacy is implicated where, as here, Mr. Ross only seeks his own records. If necessary, disclosure of information can be accomplished while redacting identities and addresses of informants.
>
> . . .
>
> The wholesale redaction that occurred here flaunts the purposes of the FOIA. Reconsideration of the FBI's handling of this matter is in order. The appeal must be granted and full disclosure made.

19. Ross' administrative appeal was denied in all respects by letter dated June 14, 2023 (A copy of the June 14, 2023 appeal denial letter is attached as "Exhibit 4").

20. The appeal letter of June 14, 2023 informed Ross of his right to file a federal lawsuit if he disagrees with the appellate decision.

21. By virtue of the administrative decisions referenced above, Ross continues to be deprived of government records pertaining to himself without any explanation regarding the nature of the withheld information and how the cited exemptions relate to the information withheld.

22. Based on the volume of redacted material and the absence of explanations in support of withholding documents and/or information, Ross believes and therefore avers that the FBI wrongfully withheld records.

### V. CAUSE OF ACTION - FAILURE TO DISCLOSE RECORDS IN COMPLIANCE WITH THE FOIA

23. Defendant has unlawfully withheld records requested by Ross that are subject to the disclosure requirements of the FOIA.  5 U.S.C. § 552.

24. Defendant has failed to promptly make available records requested by Ross to which controlling law allows him access.

25. Defendant unlawfully failed to explain the bases for withholding/redacting requesting records or otherwise provide information that would permit Ross to understand why records have been withheld and or redacted.

26. The records requested by Ross are in the possession, custody and/or control of Defendant.

WHEREFORE, Plaintiff David Ross requests that the Court:

    A. Enter declaratory judgment in favor of Plaintiff and against Defendant to the effect that Defendant has violated the FOIA by unlawfully withholding/redacting the records requested by Plaintiff, as alleged in the body of the Complaint;

    B. Issue injunctive relief directing Defendant to produce all records requested by Plaintiff without redactions.  Alternatively, the court is requested to conduct an *in camera* review of all requested records to determine the propriety of every page withheld/redaction made by Defendant;

    C. To the extent the court determines that some information was properly withheld by Defendant, direct Defendant to prepare a log describing the nature of information on each page withheld or

        redaction made to each page produced and an explanation as to how the cited exemption applies;

D.      Award costs and reasonable attorney's fees associated with Plaintiff's efforts to enforce his rights under the FOIA and his pursuit of this action.

E.      Grant such other relief as the court deems just and equitable.

        Respectfully submitted,

        S/ Jon Pushinsky
        Jon Pushinsky
        Pa. I.D. No. 30434
        1408 Law & Finance Bldg.
        429 Fourth Avenue
        Pittsburgh, PA   15219
        (412) 281-6800

        Lawyer for Plaintiff